UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CAPLOC, LLC,

        Plaintiff,

-against-

RON MCCORD and FIRST MORTGAGE COMPANY, LLC,

        Defendants.

FIRST MORTGAGE COMPANY, LLC,

        Third-Party Plaintiff,

-against-

ELI GLOBAL, LLC,

        Third-Party Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __3/18/2019__

17 Civ. 5788 (AT) (RWL)

**ORDER**

ANALISA TORRES, District Judge:

    Plaintiff, CapLOC, LLC, is a warehouse lender that agreed to provide a line of credit to Defendant First Mortgage Company, LLC ("FMC"), a mortgage lending company, in order to fund new loans originated by FMC. First Am. Compl. at 1–2, ECF No. 41. Defendant Ron McCord is the owner and CEO of FMC. *Id.* ¶ 8. On August 17, 2017, Plaintiff moved for a temporary restraining order and preliminary injunction against FMC, seeking to "restrain FMC and its agents, employees, and attorneys, from encumbering, depleting, transferring or concealing its assets outside the ordinary course of business," and to "direct FMC (a) to remit principal and interest payments to CapLOC, and (b) turn over to CapLOC all control over marketing, selling, and transferring CapLOC's loans by (i) delivering the [s]ervicing [d]ata to CapLOC, (ii) delivering loan origination files to CapLOC, (iii) fully funding escrow accounts for all CapLOC loans, (iv) paying all mortgage insurance premiums current on all CapLOC loans, [(v)] delivering construction management data files, excel spreadsheets, current funding

schedules, inspection reports, and servicing data for all [c]onstruction [l]oans, and [(vi)] otherwise fully cooperating with CapLOC to transfer servicing and/or liquidate its remaining loans during the pendency of this action." Pl. TRO Mem. at 16–17, ECF No. 56. On August 30, 2017, the Court denied the motion on the ground that Plaintiff had not demonstrated that Defendant was insolvent, and therefore, because the only relief Plaintiff sought was monetary, it could not demonstrate irreparable harm. 8/30/17 Tr. at 24–27, ECF No. 53.[1]

On August 29, 2018, Plaintiff moved for reconsideration of the Court's decision denying injunctive relief, or, in the alternative, to appoint a receiver over Defendant. ECF Nos. 158, 212.[2] For the reasons stated below, Plaintiff's motion is DENIED.

## DISCUSSION

I.     Legal Standard

    A. Motion for Reconsideration

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). To that end, a party may not use a motion for reconsideration to "advance new facts, issues or arguments not previously presented to the court.'" *McGee v. Dunn*, 940 F. Supp. 2d 93, 100 (S.D.N.Y. 2013) (citation omitted). Instead, motions for reconsideration are narrowly construed in order "to ensure the finality of decisions and to prevent the practice of a losing party

---

[1] On January 5, 2018, Defendants sought leave to file a motion for preliminary injunction. ECF No. 94. On January 11, 2018, the Court denied the request, stating that "the Court does not wish to adjudicate the merits of this case in piecemeal fashion, which would be an inefficient use of judicial resources." ECF No. 96.

[2] Initially, the parties filed their papers concerning this motion under seal in their entirety. On February 18, 2019, the Honorable Robert W. Lehrburger ordered the parties to submit redacted versions on the public docket. ECF No. 200. The exhibits to the parties' briefs, however, remain under seal. *See* ECF No. 202.

examining a decision and then plugging the gaps of a lost motion with additional matters." *Henderson v. Metro. Bank & Tr. Co.*, 502 F. Supp. 2d 372, 376 (S.D.N.Y. 2007) (citation omitted). The burden rests with the party seeking reconsideration to "demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion." *Davis v. The Gap, Inc.*, 186 F.R.D. 322, 324 (S.D.N.Y. 1999).

In support of its motion for reconsideration, Plaintiff now submits new evidence obtained during discovery. Indeed, Plaintiff attaches over 2,500 pages of documents to its motion. Defendants argue that citing such evidence is improper on a motion for reconsideration. Def. Mem. at 4, ECF No. 219. Plaintiff replies that Federal Rule of Civil Procedure 60(b) allows a court to modify a previously-issued order on the basis of "newly discovered evidence." Pl. Reply at 2, ECF No. 222 (citing Fed. R. Civ. P. 60(b)). The point is moot, however, because even after considering such evidence, the Court holds that Plaintiff has not met its burden in seeking injunctive relief.

B. Preliminary Injunction

In order to obtain a preliminary injunction, the moving party has the burden of demonstrating "(1) irreparable harm in the absence of the injunction and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor." *MyWebGrocer, LLC v. Hometown Info, Inc.*, 375 F.3d 190, 192 (2d Cir. 2004) (internal quotation marks and citation omitted). "The burden is even higher on a party . . . that seeks a mandatory preliminary injunction that alters the status quo by commanding some positive act, as opposed to a prohibitory injunction seeking only to maintain the status quo." *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 406 (2d Cir. 2011) (internal quotation marks and

citation omitted).  "A mandatory preliminary injunction should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief." *Id.* (internal quotation marks and citation omitted).  Plaintiff seeks a mandatory injunction because it seeks to "alter the status quo by commanding some positive act," *id.*, for example, by directing FMC to turn over control of its loans to Plaintiff, and is therefore subject to a heightened burden, *see Tom Doherty Assocs., Inc. v. Saban Entm't, Inc.*, 60 F.3d 27, 33–35 (2d Cir. 1995).

"The showing of irreparable harm is perhaps the single most important prerequisite for the issuance of a preliminary injunction." *Kamerling v. Massanari*, 295 F.3d 206, 214 (2d Cir. 2002) (internal quotation marks, citation, and alteration omitted).  To demonstrate irreparable harm, the movant must show "an injury that is neither remote nor speculative, but actual and imminent and cannot be remedied by an award of monetary damages." *Estee Lauder Cos. v. Batra*, 430 F. Supp. 2d 158, 174 (S.D.N.Y. 2006) (citation omitted).  Although monetary loss generally does not constitute irreparable harm, it may suffice "where the party that might ultimately be ordered to pay the monetary damages is insolvent or facing imminent bankruptcy or is in a perilous financial state." *WestLB AG v. BAC Fla. Bank*, No. 11 Civ. 5398, 2012 WL 3135825, at *5 (S.D.N.Y. Aug. 2, 2012) (citation omitted).  "Even in those unusual circumstances where monetary loss may support a finding of irreparable harm . . . conclusory assertions of a defendant's financial weakness do not demonstrate a likelihood of such harm." *Id.* (citation and alterations omitted).

II. Analysis

Plaintiff asks that the Court reconsider its decision denying Plaintiff's motion for a preliminary injunction, or in the alternative, that the Court appoint a receiver over FMC or "accelerate" the trial date in this matter. Pl. Mem. at 1, ECF No. 212-1.

A. Preliminary Injunction

As discussed, the Court denied Plaintiff's motion for a preliminary injunction because Plaintiff had not demonstrated that FMC is insolvent. 8/30/17 Tr. at 24–27. Plaintiff now asks the Court to reconsider its decision, claiming that new evidence obtained during discovery demonstrates FMC's insolvency. Pl. Mem. at 11–12.

The standard for demonstrating insolvency is high. A plaintiff must offer more than allegations of the defendant's "weak financial condition." *Seda Specialty Packing Corp. v. Am. Safety Closure Corp.*, No. 95 Civ. 4745, 1995 WL 404821, at *2 (S.D.N.Y. July 7, 1995). Rather, the plaintiff must proffer evidence "sufficient to meet the high standard required to satisfy a finding of current or imminent insolvency." *WestLB AG*, 2012 WL 3135825, at *5. For example, in *General Transportation Services, Inc. v. Kemper Insurance Co.*, No. 03 Civ. 620, 2003 WL 21703635 (N.D.N.Y. June 25, 2003), the defendant had defaulted on $700 million of its notes; its credit rating had been downgraded; it had "substantially reduced its workforce," and the plaintiff alleged that a state authority was investigating its financial stability. *Id.* at *3. Nevertheless, the court found that "[a]lthough Plaintiff arguably raises questions about [Defendant's] present financial condition, its assertions fall far short of establishing that [Defendant] is in 'imminent' danger of becoming insolvent." *Id.* at *4. Similarly, in *Meringolo v. Power2ship*, No. 03 Civ. 4476, 2003 WL 21750009 (S.D.N.Y. July 28, 2003), the plaintiff alleged that the defendant had had never earned a profit and was "rapidly being drained of its

5

resources." *Id.* at \*4. Nevertheless, the court found that the plaintiff had failed to establish the defendant's insolvency, in part because the defendant's stock price had been rising. *Id.* at \*4–5.

The Court concludes that Plaintiff's new evidence does not demonstrate FMC's insolvency.

For example, Plaintiff claims that Mindy Bisarek, FMC's chief accountant, "admitted [at her deposition] that FMC has been in financial 'chaos' and performing 'cash-management triage' since 2016." Pl. Mem. at 3, 10–11. The deposition transcript reveals, however, that Bisarek was testifying about a period from 2016 to August 2017, and not about FMC's present condition. Bisarek Dep. at 73:5–74:10, 116:12–13, Pace Decl. Ex. 3.

Nor does the Court find persuasive Plaintiff's scattered references to the 2,500 pages of documentary evidence it obtained during discovery and attached to its motion papers. For example, Plaintiff cites an email from October 25, 2017 in which Bizarek states that a check in the amount of $2,300 written by FMC had "bounced" the previous day. Pl. Mem. at 11; Pace Decl. Ex. 12 at FMC478657. Similarly, Plaintiff cites an email from September 2017 in which Defendant McCord, in attempting to sell loans, wrote that "[c]ash is tight for me right now until I can get some of my unencumbered loans monetized." Pl. Mem. at 11, Pace Decl. Ex. 12 at FMC475876. These documents, and the other exhibits Plaintiff offers, do not "meet the high standard required to satisfy a finding of current or imminent insolvency." *WestLB AG*, 2012 WL 3135825, at \*5.

Additionally, Plaintiff argues that Defendants are "stealing money because they are insolvent." Pl. Mem. at 10. In essence, Plaintiff asks the Court to look at the merits of its argument first, and in doing so, conclude that it has demonstrated irreparable harm. For example, Plaintiff argues that since August 2017, "Defendants have misdirected and stolen []

6

funds from thirteen (13) different borrowers totaling $2.4 million," which they argue "conclusively" shows that "[w]ithout stealing, Defendants cannot cover their debt obligations as they come due," and are, therefore, insolvent. Pl. Mem. at 15. Defendants, however, argue that with respect to these funds, they have been forwarding to Plaintiff the proportion of the funds to which Plaintiff is entitled under their agreement, but that Plaintiff improperly seeks the entire amount. Def. Mem. at 7.³ The Court does not make a finding as to whether Defendants' practice is proper pursuant to the parties' agreement, and finds unpersuasive Plaintiff's deflection to the merits of its argument. *See Int'l Brotherhood of Elec. Workers, AFL-CIO v. Charter Commc'ns, Inc.*, 277 F. Supp. 3d 356 (E.D.N.Y. 2017) (noting that irreparable harm and probability of success on the merits "are two discrete requirements that must be met before a preliminary injunction may issue, and strength in one does not negate the necessity of demonstrating the other").

Plaintiff also relies on ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

---

³ Indeed, Defendants represent that they have paid down approximately $80,000,000 of their $109,344,310 warehouse line to Plaintiff since the case was filed. Def. Mem. at 5, 11 n.1.

[redacted]

Accordingly, Plaintiff has, once again, failed to meet the "high standard required to satisfy a finding of current or imminent insolvency." *WestLB AG*, 2012 WL 3135825, at *5.

B.  Appointment of a Receiver

In the alternative, Plaintiff moves to appoint a receiver over FMC pursuant to Federal Rule of Civil Procedure 64 and N.Y. C.P.L.R. § 6401.  Pl. Mem. at 25.  As Plaintiff observed in its pre-motion letter dated July 30, 2018, however, "[r]eceivership requires the same 'clear showing' necessary for a preliminary injunction."  July 30, 2018 Letter at 3, ECF No. 210 (citing *Spira v. Nick*, 876 F. Supp. 553, 562 (S.D.N.Y. 1995)).  Having found no irreparable injury, the Court also DENIES Plaintiff's request to appoint a receiver over FMC.

C.  Expedited Trial

Plaintiff also moves for an expedited trial.  Pl. Mem. at 30.  Plaintiff previously made this request to Judge Lehrburger, who denied it on June 20, 2018.  ECF No. 139.  Plaintiff then made the request to this Court in its pre-motion letter dated July 30, 2018.  July 30, 2018 Letter at 4. The Court denied the request, however, because pursuant to Rule 72(a) of the Federal Rules of

Civil Procedure, a party must file objections to a Magistrate Judge's order on a nondispositive matter within fourteen days of the decision, which Plaintiff failed to do. ECF No. 154 at 1 n.1. Nevertheless, Plaintiff makes the same request in this motion. Plaintiff's request is, again, DENIED.

## CONCLUSION

For the reasons stated above, Plaintiff's motion for reconsideration is DENIED in its entirety. The Clerk of Court is directed to terminate the motion at ECF No. 212.

SO ORDERED.

Dated: March 18, 2019
      New York, New York

_____
ANALISA TORRES
United States District Judge