UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

<table>
<tr><td>

CAPLOC, LLC,

                Plaintiff,

-against-

RON McCORD, and FIRST MORTGAGE COMPANY, LLC,

                Defendants.

FIRST MORTGAGE COMPANY, LLC,

                Third-Party Plaintiff,

-against-

ELI GLOBAL, LLC,

                Third-Party Defendant.

</td></tr>
</table>

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __3/3/2020__

17 Civ. 5788 (AT)

**ORDER**

ANALISA TORRES, District Judge:

This order resolves (1) the request by Defendants, Ron McCord and First Mortgage Company ("FMC"), to amend their answer, ECF No. 245, and (2) Defendants' objections, ECF No. 248, to a September 24, 2019 ruling by the Honorable Robert W. Lehrburger regarding the production of unredacted settlement agreements, ECF No. 244. For the reasons stated below, Defendants' request to amend their answer is DENIED, and Defendants' objections are OVERRULED.

## BACKGROUND

By letter motion dated September 16, 2019, Defendants requested leave to move to compel Plaintiff, CapLOC LLC ("CapLOC"), to produce settlement agreements by which CapLOC settled and dismissed with prejudice claims against SpiritBank ("Spirit"), Citizens State Bank ("Citizens"), American Southwest Mortgage Company ("ASMC"), and American

Southwest Funding Corp. ("ASMFC") in the action *CapLOC v. SpiritBank, et al.*, 17 Civ. 2904 (N.D. Tex. Sept. 16, 2019). ECF No. 241 at 1. Plaintiff opposed this request. ECF No. 242.

On September 24, 2019, Judge Lehrburger directed Plaintiff to produce the settlement agreements for *in camera* review. ECF No. 243. On October 1, 2019, Judge Lehrburger ordered Plaintiff to produce the three settlement documents subject to the limitations that: "(1) the documents shall be for outside-counsel eyes only, and (2) Plaintiff may redact the dollar figures serving as consideration." ECF No. 244. On October 7, 2019, Defendants filed a letter request to amend their answer to include the defense of equitable apportionment of damages pursuant to New York General Obligations Law § 15-108 ("GOL § 15-108"). On October 16, 2019, Defendants filed partial objections to Judge Lehrburger's order, and argue that the amount of settlement payments should be produced unredacted. ECF No. 248.

## DISCUSSION

I. <u>Amendment of Answer</u>

A court may deny leave to amend an answer "if the amendment (1) has been delayed unduly, (2) is sought for dilatory purposes or is made in bad faith, (3) the opposing party would be prejudiced, or (4) the amendment would be futile." *Am. Home Assur. Co. v. Jacky Maeder (Hong Kong) Ltd.*, 969 F. Supp. 184, 187 (S.D.N.Y. 1997) (internal quotation marks, citation, and alterations omitted). "[A] district court does not abuse its discretion in denying leave to amend the pleadings after the deadline set in the scheduling order where the moving party has failed to establish good cause." *Digennaro v. Whitehair*, 467 F. App'x 42, 44 (2d Cir. 2012).

Here, nearly two years elapsed since the deadline to file a motion for leave to amend, as set forth in the Court's scheduling order. ECF Nos. 66, 109. The basis for the amendment—asserting an affirmative defense under GOL § 15-108—was present at the start of this litigation,

when Defendants were sued alongside other entities that Defendants claim to be joint tortfeasors for the purposes of apportioning damages, and when Defendants first answered the complaint. *See* ECF Nos. 1, 59, 245. The request to amend, therefore, is unjustifiably late. *Schipani v. McLeod*, 541 F.3d 158, 164 (2d Cir. 2008) ("The Legislature did not make [GOL] § 15–108 apportionment an absolute right—it made it an affirmative defense, and affirmative defenses are subject to forfeiture if not raised in a timely fashion." (citation omitted)); *see, e.g.*, *John Hancock Mutual Life Insurance Co. v. Amerford International Corp.*, 22 F.3d 458, 462 (2d Cir. 1994) (delay of four months after deadline for amendments justified denial).

Accordingly, Defendants' request to amend their answer is DENIED.

II. Objections

A district court considering a party's objection to a magistrate judge's order on a non-dispositive matter shall "modify or set aside any part of the order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). An order is clearly erroneous if the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (internal quotation marks and citation omitted). An order is "contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Catskill Dev. L.L.C. v. Park Place Entm't Corp.*, 206 F.R.D. 78, 86 (S.D.N.Y. 2002) (internal quotation marks and citation omitted). "This standard of review is highly deferential; magistrate judges are afforded broad discretion in resolving nondispositive disputes and reversal is appropriate only if their discretion is abused." *Advanced Analytics, Inc. v. Citigroup Glob. Mkts., Inc.*, 301 F.R.D. 47, 50 (S.D.N.Y. 2014) (internal quotation marks and citation omitted).

The Court finds no clear error in Judge Lehrburger's determination to permit production of the settlement agreements with redactions. First, Defendants contend that CapLOC asserts

3

joint tortfeasor liability and that GOL § 15-108 requires allocation of damages among joint tortfeasors. ECF No. 248 at 6. However, because the Court determines that Defendants have forfeited their affirmative defense under GOL § 15-108, that defense is not a basis for discovery of the redacted settlement figures.

Second, the Court rejects Defendants' argument that the settlement amounts could "raise the inference" that ASMC, ASMFC, Spirit, and Citizens "were solely liable" for the sale of the out-of-trust loans, as such argument is contrary to the Court's rulings in the order dated March 3, 2020.

Third, Defendants argue that the settlement amounts are relevant to preventing Plaintiff from obtaining double recovery for the same injury. However, Defendants' reliance on *Zarcone v. Perry*, 78 A.D.2d 70, 81 (1980), is misplaced. ECF No. 248 at 7. The court in *Zarcone* held that recovery in the state action before it was barred under the theory of double recovery because the plaintiff had already recovered damages from the same defendants in a parallel federal action. *Zarcone*, 78 A.D.2d at 82. Here, however, Plaintiff does not seek double recovery from the same defendants.

"Under Rule 72, the heavy burden of proof lies with the moving party, and the highly deferential standard only permits reversal where the magistrate judge abused her discretion." *Grief v. Nassau Cty.*, 246 F. Supp. 3d 560, 564 (E.D.N.Y. 2017) (internal quotation marks, citation, and alterations omitted). Defendants have failed to carry this burden.

Accordingly, Defendants' objections are OVERRULED.

## CONCLUSION

For the reasons stated above, Defendants' request to amend their answer is DENIED, and Defendants' objections to Judge Lehrburger's order are OVERRULED.

The Clerk of Court is directed to terminate the motions at ECF Nos. 245, 247, and 248.

SO ORDERED.

Dated: March 3, 2020
       New York, New York

_____
ANALISA TORRES
United States District Judge